# UNITED STATES FEDERAL COURT
## DISTRICT OF MASSACHUSETTS

RYOSUKE KONDO, SANTOS ACOSTA, KRISTOPHER FARLEY, EDWARD DEL VECCHIO, JORGE CIFUENTES, CELINALI, AND HANNAH PAGE, individually and on behalf of themselves and all others similarly situated,

Plaintiffs,

v.

CREATIVE SERVICES, INC.,

Defendant.

Case Nos. 1:22-cv-10438-DJC

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CONDITIONALLY CERTIFYING SETTLEMENT CLASS**

1    WHEREAS, the above-styled Action was filed on August 24, 2022 against Defendant,
2  Creative Services, Inc. ("Defendant" and "CSI") (the "Litigation"). The above named Plaintiffs
3  and Class Representatives ("Plaintiffs") in addition to the Plaintiffs and Class Representatives in
4  two related actions in the Superior Court for the Commonwealth of Massachusetts: *Russolillo et*
5  *al. v. Creative Services, Inc.*, 2284cv01059-BLS2 (Suffolk Cty.) and *Durgin, et al., v. Creative*
6  *Services, Inc.*, 2273CV00180B (Bristol Cty.) (collectively "Settlement Class Representatives")
7  reached an agreement with CSI settling their related claims, as set forth in more detail in the
8  Settlement Agreement and Release ("Settlement Agreement");
9    WHEREAS, Plaintiffs individually and on behalf of themselves and on behalf of all others
10 similarly situated and the proposed Settlement Class (defined below), and Defendant (collectively,
11 the "Settling Parties"), have entered into a Settlement Agreement and resolving the Action, subject
12 to Court approval;
13   WHEREAS, the Action was settled as a result of arm's-length negotiations, investigation
14 and informal discovery sufficient to permit counsel and the Court to act knowingly, and counsel
15 are well experienced in similar class action litigation; and
16   WHEREAS, Named Plaintiffs, the proposed Class Representatives, have moved the Court
17 for entry of an Order Granting Preliminary Approval of Class Action Settlement and Conditionally
18 Certifying Settlement Class ("Preliminary Order") approving the Settlement, conditionally
19 certifying the Settlement Class for settlement purposes only, and approving the form and method
20 of notice upon the terms and conditions set forth in the Settlement Agreement, together with all
21 exhibits thereto.
22   WHEREAS, all proceedings in the Litigation, other than proceedings necessary to carry
23 out or enforce the terms and conditions of the Settlement Agreement and this Order, are hereby
24 stayed.
25   WHEREAS, the Court having considered the Settlement Agreement, together with all
26 exhibits thereto and records in this case, and the arguments of counsel and for good cause
27 appearing, **HEREBY ORDER**S as follows:
28 **I.    CONDITIONAL CERTIFICATION OF THE SETTLEMENT CLASS**

1. Named Plaintiffs' Motion for Preliminary Approval of the Class Action Settlement is GRANTED. The terms defined in the Settlement Agreement shall have the same meanings in this Order.

2. Having made the findings set forth below, the Court conditionally certifies the following Class (comprised of the "Nationwide Class," hereinafter "Settlement Class") for settlement purposes only:

> All persons who utilized CSI's services, whose personally identifiable information ("PII") was potentially accessible to a third party in the cybersecurity incident involving Defendant CSI's computer system that occurred in November 2021 (the "Class Definition").

3. Excluded from the Settlement Class are: (1) the Judges presiding over the Litigation and members of their families; (2) CSI, its subsidiaries, parent companies, successors, predecessors, and any Entity in which CSI or its parents have a controlling interest, and its current or former officers and directors; (3) natural persons who properly execute and submit a request for exclusion as defined in the Settlement Agreement prior to the Opt-Out Date; (4) the successors or assigns of any such excluded natural person; and (5) any other person found by a court of competent jurisdiction to be guilty under criminal law of initiating, causing, aiding, or abetting the Data Incident or who pleads *nolo contendere* to any such charge.

4. For settlement purposes only, with respect to the Settlement Class, the Court preliminary finds the prerequisites for a class action pursuant to Federal Rule of Civil Procedure 23 have been met, in that: (a) the Settlement Class is so numerous that joinder of all individual Settlement Class members in a single proceeding is impracticable; (b) questions of law and fact common to all Settlement Class Members predominate over any potential individual questions; (c) the claims of the Named Plaintiffs are typical of the claims of the Settlement Class; (d) Named Plaintiff and proposed Class Counsel will fairly and adequately represent the interests of the Settlement Class; and (e) a class action is the superior method to fairly and efficiently adjudicate this controversy.

5. The Court hereby appoints Named Plaintiffs Ryosuke Kondo, Santos Acosta, Kristopher Farley, Edward Del Vecchio, Jorge Cifuentes, Celina Li, Hannah Page, Pasquele Russolillo, Gary Schepis, Daniel Durgin, Valerie Locke, Michael Mercurio, and Lisa MacGillivray as Class Representatives for the Settlement Class.

6. The Court hereby appoints David K. Lietz of Milberg Coleman Bryson Phillips Grossman PLLC as Class Counsel.

II. **PRELIMINARY APPROVAL OF SETTLEMENT AGREEMENT**

7. The terms of the Settlement, including its proposed release, are preliminarily approved as within the range of fair, reasonable, and adequate, and are sufficient to warrant providing notice of the Settlement to the Settlement Class in accordance with the Notice Program, and are subject to further and final consideration at the Final Approval Hearing provided for below. In making this determination, the Court considered the fact that the Settlement is the product of arm's-length negotiations facilitated by a neutral mediator and conducted by experienced and knowledgeable counsel, the current posture of the Action, the benefits of the Settlement to the Settlement Class, and the risk and benefits of continuing litigation to the Settling Parties and the Settlement Class.

8. As provided for in the Settlement Agreement, if the Court does not grant final approval of the Settlement or if the Settlement is terminated or cancelled in accordance with its terms, then the Settlement, and the conditional certification of the Settlement Class for settlement purposes only provided for herein, will be vacated and the Litigation shall proceed as though the Settlement Class had never been conditionally certified for settlement purposes only, with no admission of liability or merit as to any issue, and no prejudice or impact as to any party's position on the issue of class certification or any other issue in the case.

III. **NOTICE OF THE SETTLEMENT TO THE SETTLEMENT CLASS**

9. The Court appoints Angeion Group as the Claims Administrator. The responsibilities of the Claims Administrator are set forth in the Settlement Agreement.

10. The Court has considered the Notice provisions of the Settlement, the Notice Program set forth in the Settlement Agreement and the Long Notice and Short Notice, attached as

Exhibits 1 and 2 to the Settlement Agreement, respectively, and as further defined in the Settlement Agreement. The Court finds that the direct emailing and/or mailing of Claim Form in the manner set forth in the Notice Program is the best notice practicable under the circumstances, constitutes due and sufficient notice of the Settlement and this Order to all persons entitled thereto, and is in full compliance with applicable law and due process. The Court approves as to form and content the Long Form Notice and Short Notice in the forms attached as Exhibits 1 and 2, respectively, to the Settlement Agreement. The Court orders the Claims Administrator to commence the Notice Program following entry of this Order in accordance with the terms of the Settlement Agreement.

11. The Court approves as to form and content the Claim Form attached as Exhibit 3 to the Settlement Agreement.

12. Settlement Class Members who qualify for and wish to submit a Claim Form under the Settlement shall do so in accordance with the requirements and procedures of the Settlement Agreement and the Claim Form under which they are entitled to seek relief. The Claims deadline is 90 days after the Notice Deadline Date. All Settlement Class Members who fail to submit a claim in accordance with the requirements and procedures of the Settlement Agreement and respective Claim Form shall be forever barred from receiving any such benefit but will in all other respects be subject to and bound by the provisions of the Settlement and the releases contained therein. Notwithstanding any of the above, Credit Monitoring and Identity Protection, through Pango, as set forth in the Settlement Agreement, can be obtained by all Settlement Class members without the need to file a claim with the Claims Administrator and regardless of whether they submit a claim for a monetary payment under the settlement.

IV. **REQUESTS FOR EXCLUSION FROM THE SETTLEMENT CLASS**

13. Each person wishing to opt out of the Settlement Class must individually sign and timely submit written notice of such intent to the designated Post Office Box established by the Claims Administrator. The written notice must clearly manifest the Settlement Class Member's intent to be excluded from the Settlement Class. To be effective, written notice must be postmarked no later than 45 days after the Notice Deadline Date.

14. Persons who submit valid and timely notices of their intent to be excluded from the Settlement Class shall neither receive any benefits of nor be bound by the terms of the Settlement.

15. Persons falling within the definition of the Settlement Class who do not timely and validly request to be excluded from the Settlement Class shall be bound by the terms of the Settlement, including its releases, and all orders entered by the Court in connection therewith.

V. **OBJECTIONS**

16. Each Settlement Class Member desiring to object to the Settlement Agreement shall submit a timely written notice of his or her objection by the Objection Date. Such notice shall state: (i) the objector's full name and address; (ii) the case name and docket number, *Kondo, et. al. v. Creative Services, Inc.*, 1:22-cv-10438-DJC; (iii) information identifying the objector as a Settlement Class Member, including proof that the objector is a member of the Settlement Class (*e.g.*, copy of the objector's settlement notice, copy of original notice of the Data Incident, or a statement explaining why the objector believes he or she is a Settlement Class Member); (iv) a written statement of all grounds for the objection, accompanied by any legal support for the objection the objector believes applicable; (v) the identity of any and all counsel representing the objector in connection with the objection; (vi) a statement whether the objector and/or his or her counsel will appear at the Final Approval Hearing; and (vii) the objector's signature or the signature of the objector's duly authorized attorney or other duly authorized representative (if any) representing him or her in connection with the objection. To be timely, written notice of an objection in the appropriate form must be mailed, with a postmark date no later than the Objection Date, to the Claims Administrator.

17. To be timely, written notice of an objection in appropriate form must be mailed and postmarked to the Claims Administrator no later than the Objection Date, 45 days after the Notice Deadline Date to the Claims Administrator, at the address set forth in the Class Notice.

18. Unless otherwise ordered by the Court, any Settlement Class Member who does not timely object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, including its releases, the Order and Judgment approving the

Settlement, and Class Counsels' motion for a Fee Award and Costs and Named Plaintiff's Service Award.

## VI. THE FINAL APPROVAL HEARING

19. The Court will hold a Final Approval Hearing on [9/7/23], at [3:00] p.m., at the United States District Court for the District of Massachusetts, 1 Courthouse Way, Suite 2300 Boston, Massachusetts 02210, to consider: (a) whether certification of the Settlement Class for settlement purposes only should be confirmed; (b) whether the Settlement should be approved as fair, reasonable, adequate and in the best interests of the Settlement Class; (c) the application by Class Counsel for an award of attorneys' fees, costs and expenses as provided for under the Settlement; (d) the application for Named Plaintiffs' service awards as provided for under the Settlement; (e) whether the release of Released Claims as set forth in the Settlement should be provided; (f) whether the Court should enter the [Proposed] Final Order and [Proposed] Judgment; and (g) ruling upon such other matters as the Court may deem just and appropriate. The Final Approval Hearing may, from time to time and without further notice to Settlement Class Members be continued or adjourned by order of the Court.

20. No later than 10 court days prior to the Final Approval Hearing, the Named Plaintiffs shall file their Motion for Final Approval of Class Action Settlement and their Motion for Award of Attorneys' Fees and Expenses and Plaintiffs' Service Awards. No later than 5 court days prior to the Final Approval Hearing, Named Plaintiffs shall file their Reply Brief in Support of Motion for Final Approval of Class Action Settlement Agreement and their Reply Brief in Support of Motion for Award of Attorneys' Fees and Expenses and Plaintiffs' Service Awards, including as needed to respond to any valid and timely objections.

21. The related time periods for events preceding the Final Approval Hearing are as follows:

| Event | Timing |
|---|---|
| CSI to provide Claims Administrator with Settlement Class Member Information | No later than 14 days after entry of this Order |
| Notice Commencement Date | Within 30 days after entry of this Order |
| Claims Deadline | 90 days after the Notice Commencement Date |

- 6 -
[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION
SETTLEMENT AND CONDITIONALLY CERTIFYING SETTLEMENT CLASS

| Opt-Out Deadline | 45 days after the Notice Commencement Date |
|---|---|
| Objection Deadline | 45 days after the Notice Commencement Date |
| Motion for Final Approval and Motion for Attorneys' Fees and Expenses and Service Awards | 10 court days prior to the Final Approval Hearing |
| Reply Papers in Support of Final Approval and in Support of Motion for Attorneys' Fees and Expenses and Service Awards | 5 court days prior to the Final Approval Hearing |
| Final Approval Hearing | 120 days after Preliminary Approval, or shortly thereafter. |

22. Any action brought by a Settlement Class Member concerning a Released Claim shall be stayed pending final approval of the Settlement.

**IT IS SO ORDERED.**

Dated: April 14, 2023

The Honorable Denise J. Casper, United States District Court Judge

- 7 -

[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT AND CONDITIONALLY CERTIFYING SETTLEMENT CLASS