## UNITED STATES FEDERAL COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| RYOSUKE KONDO, SANTOS ACOSTA, KRISTOPHER FARLEY, EDWARD DEL VECCHIO, JORGE CIFUENTES, CELINALI, AND HANNAH PAGE, individually and on behalf of themselves and all others similarly situated,<br><br>Plaintiffs,<br><br><br>v.<br><br>CREATIVE SERVICES, INC.,<br><br>Defendant. | Case Nos. 1:22-cv-10438-DJC<br><br>[~~PROPOSED~~] FINAL APPROVAL ORDER AND JUDGMENT |

WHEREAS, the Court, having considered the Settlement Agreement filed March 24, 2023 (the "Settlement") between and among Named Plaintiffs and Class Representatives: Ryosuke Kondo, Santos Acosta, Kristopher Farley, Edward Del Vecchio, Jorge Cifuentes, Celina Li, and Hannah Page ("Plaintiffs") as well as named Plaintiffs and Class Representatives: Pasquele Russolillo, Gary Schepis, Valerie Locke, Michael Mercurio, Daniel Durgin, and Lisa MacGillivray, in two related actions in the Superior Court for the Commonwealth of Massachusetts: *Russolillo et al. v. Creative Services, Inc.*, 2284cv01059-BLS2 (Suffolk Cty.) and *Durgin, et al., v. Creative Services, Inc.*, 2273CV00180B (Bristol Cty.) .) (collectively, "Settlement Class Representatives"), individually and on behalf of the Settlement Class, and Defendant Creative Services, Inc. ("CSI" or "Defendant") (collectively, the "Settling Parties"), having considered the Court's April 14, 2023 Order Granting Preliminary Approval of Class Action Settlement Agreement and Conditionally Certifying Settlement Class for Settlement Purposes Only ("Preliminary Approval Order"), having held a Final Approval Hearing on September 7, 2023, having considered all of the submissions and arguments with respect to the Settlement, and otherwise being fully informed, and good cause appearing therefore;

**IT IS HEREBY ORDERED, ADJUDGED, AND DECREED:**

1.      Plaintiffs' Motion for Final Approval of Class Action Settlement Agreement and Award of Attorneys' Fees, Costs, and Expenses, and Class Representative Service Awards is GRANTED.

2.      This Order and Judgment incorporates herein and makes a part hereof, the Settlement (including its exhibits) and the Preliminary Approval Order. Unless otherwise provided herein, the terms defined in the Settlement and Preliminary Approval Order shall have the same meanings for purposes of this Order and Judgment.

3.      The Court has personal jurisdiction over Plaintiffs, the Settlement Class Members, and Defendant for purposes of this settlement, and has subject matter jurisdiction over this matter including, without limitation, jurisdiction to approve the Settlement, confirm certification of the Settlement Class for settlement purposes only, to settle and release all claims released in the Settlement, and to dismiss the Action with prejudice.

## I.    CERTIFICATION OF THE SETTLEMENT CLASS

4.      Based on its review of the record, including the Settlement, all submissions in support of the Settlement, and all prior proceedings in the Action, the Court finally certifies the following Nationwide Class (the "Settlement Class") for settlement purposes only:

> All persons who utilized CSI's services, whose personally identifiable information ("PII") was potentially accessible to a third party in the cybersecurity incident involving Defendant CSI's computer system that occurred in November 2021 (the "Class Definition").

5.      Excluded from the Settlement Class are: (1) the judges presiding over this Litigation, and members of their direct families; and (2) Defendant, its subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers and directors.

6.      Also excluded from the Settlement Class are those persons identified in Exhibit A hereto, each of whom submitted a timely and valid Request for Exclusion from the Settlement Class prior to the

Opt-Out Deadline. Such persons shall not receive the benefits of the Settlement and shall not be bound by this Order and Judgment.

7.    For settlement purposes only, with respect to the Settlement Class, the Court confirms that the prerequisites for a class action pursuant to Federal Rule of Civil Procedure 23 have been met, in that: (a) the Settlement Class is so numerous that joinder of all individual Settlement Class members in a single proceeding is impracticable; (b) questions of law and fact common to all members of the Settlement Class predominate over any potential individual questions; (c) the claims of Plaintiffs are typical of the claims of the Settlement Class; (d) Plaintiffs and proposed Class Counsel will fairly and adequately represent the interests of the Settlement Class; and (e) a class action is the superior method to fairly and efficiently adjudicate this controversy. Any objections to the Settlement have been considered and are hereby overruled.

## II.    NOTICE TO THE SETTLEMENT CLASS

8.    The Court finds that Notice has been given to the Settlement Class in the manner directed by the Court in the Preliminary Approval Order. The Court finds that such Notice: (i) was reasonable and constituted the best practicable notice under the circumstances; (ii) was reasonably calculated, under the circumstances, to apprise Settlement Class Members of the pendency of the Action, the terms of the Settlement including its Releases, their right to exclude themselves from the Settlement Class or object to all or any part of the Settlement, their right to appear at the Final Approval Hearing (either on their own or through counsel hired at their own expense), and the binding effect of final approval of the Settlement on all persons who do not exclude themselves from the Settlement Class; (iii) constituted due, adequate, and sufficient notice to all persons or entities entitled to receive notice; and (iv) fully satisfied the requirements of the United States Constitution (including the Due Process Clause), and any other applicable law.

FINAL APPROVAL ORDER AND JUDGMENT

9.    Furthermore, the Court finds that notice under the Class Action Fairness Act was effectuated within the time required by 28 U.S.C. § 1715, and that ninety (90) days has passed without comment or objection from any governmental entity.

## III.    FINAL APPROVAL OF THE SETTLEMENT

10.    The Court finds that the Settlement resulted from arm's-length negotiations between Class Counsel and Defendant.

11.    The Court hereby finally approves in all respects the Settlement as fair, reasonable, and adequate, and in the best interest of the Settlement Class.

12.    The Court finds that Plaintiff and Class Counsel fairly and adequately represented the interests of Settlement Class Members in connection with the Settlement.

13.    The Settling Parties shall consummate the Settlement in accordance with the terms thereof. The Settlement, and each and every term and provision thereof, including its Releases, shall be deemed incorporated herein as if explicitly set forth herein and shall have the full force and effect of an order of this Court.

## IV.    DISMISSAL OF CLAIMS AND RELEASE

14.    The Action is hereby dismissed with prejudice as to all Parties including the Settlement Class and without cost to any party, except as otherwise provided herein or in the Settlement.

15.    Upon the Effective Date, and in consideration of the benefits set forth in the Settlement, each of the Settlement Class Representative and Participating Settlement Class Members, and each of their respective heirs, executors, administrators, representatives, agents, partners, successors, attorneys, and assigns, present and former ("Releasing Parties"), shall be deemed to have fully, finally, and forever released, acquitted, and discharged CSI and its present and former predecessors, successors, assigns, parents, subsidiaries, divisions, affiliates, departments, and any and all of their past, present, and future

officers, directors, employees, stockholders, partners, servants, agents, successors, attorneys, advisors, consultants, representatives, insurers, reinsurers, subrogees and the predecessors, successors, and assigns of any of the foregoing (collectively, the "Released Persons") from any and all Released Claims. This release expressly includes CSI's insurer with respect to all obligations under any part of the insurance policy applicable to the Released Claims, and from any and all claims arising out of the investigation, handling, adjusting, defense, or settlement of the claim including, without limitation, any claims for negligence, breach of express contract, breach of implied contract, unjust enrichment, violations of various sections Massachusetts General Laws (M.G.L. c. 93A, Q 9(3) and M.G.L. c. 93Hg and 201 CMR 17.00 et seq.), and violations of the Fair Credit Reporting Action (15 U.S.C. §§ 1681 et seq.) ("FCRA").

16.    For purposes of this Final Approval Order and Judgment, "Released Claims" means any and all past, present, and future liabilities, rights, claims, actions, causes of action, demands, damages, penalties, costs, attorneys' fees, losses, and remedies, whether known or unknown, existing or potential, suspected or unsuspected, liquidated or unliquidated, legal, statutory, or equitable, that result from, arise out of, are based upon, or relate to any potential accessibility of PII from Defendant's cybersecurity incident, and conduct that was alleged or could have been alleged in the Action, including, without limitation, any claims, actions, causes of action, demands, damages, penalties, losses, or remedies relating to, based upon, resulting from, or arising out of the potential accessibility of PII from Defendant's cybersecurity incident (the "Released Claims"), to include, to the fullest extent permitted by law, fully, finally, and forever expressly waiving and relinquishing with respect to the Released Claims, any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or principle of common law, provided that nothing in this Release is intended to, does or shall be deemed to release any claims not arising out of, based upon, resulting from, or related to the cybersecurity incident.

17.    Upon entry of this Final Approval Order and Judgment, the Settlement Class Representative and other Participating Settlement Class Members are enjoined from prosecuting any

Released Claims in any proceeding against any of the Released Parties or based on any actions taken by any of the Released Parties that are authorized or required by the Settlement or by this Final Approval Order and Judgment. Likewise, CSI and its representatives, officers, agents, directors, affiliates, employees, insurers, and attorneys shall be enjoined from prosecuting any claim they have released in the Settlement in any proceeding against the Settlement Class Representative and Class Counsel or based on any actions taken by the Settlement Class Representative and Class Counsel that are authorized or required by the Settlement or by this Final Approval Order and Judgment. The Settlement may be pleaded as a complete defense to any claim or proceeding described in this Paragraph.

## V. ATTORNEYS' FEES, COSTS, AND EXPENSES AND REPRESENTATIVE PLAINTIFFS' SERVICE AWARD

18.    The Court awards attorneys' fees of $396,000 and reimbursement of costs and expenses in the amount of $19,016.97, and payment of a service award in the amount of $1500 each to Plaintiffs. The Court directs the Claims Administrator to pay such amounts in accordance with the terms of the Settlement. Class Counsel, in their sole discretion to be exercised reasonably, shall allocate and distribute the attorneys' fees, costs, and expenses awarded by the Court among Plaintiffs' counsel of record in the Action.

## VI. OTHER PROVISIONS

19.    Without affecting the finality of this Final Approval Order and Judgment in any way, the Court retains continuing and exclusive jurisdiction over the Settling Parties and the Settlement Class for the purpose of consummating, implementing, administering, and enforcing all terms of the Settlement.

20.    Nothing in this Final Approval Order and Judgment, the Settlement, or any documents or statements relating thereto, is or shall be deemed or construed to be an admission or evidence of any violation of any statute or law or of any liability or wrongdoing by Defendant.

21.    In the event the Effective Date does not occur, this Final Approval Order and Judgment shall be rendered null and void and shall be vacated and, in such event, as provided in the Settlement,

FINAL APPROVAL ORDER AND JUDGMENT

this Order and Judgment and all orders entered in connection herewith shall be vacated and null and void, the Settling Parties shall be restored to their respective positions in the Action, all of the Parties' respective pre-Settlement claims and defenses will be preserved, and the terms and provisions of the Settlement shall have no further force and effect with respect to the Settling Parties and shall not be used in the Action or in any other proceeding for any purpose, and any judgment or order entered by the Court in accordance with the terms of the Settlement shall be treated as vacated, *nunc pro tunc*.

**IT IS SO ORDERED.**

Dated: September 7, 2023

By: _____
The Honorable Denise J. Casper, United States
District Court Judge

FINAL APPROVAL ORDER AND JUDGMENT

# **EXHIBIT A**



## Requests for Exclusion
## Kondo, et al v. Creative Services, Inc.

| | First Name | Last Name | Method of Receipt |
|---|---|---|---|
| 1 | Audra | Ziegenfuss | Mail |
| 2 | Barbara | Briand | Mail |
| 3 | Marc | Lenburg | Mail |
| 4 | Matthew | Hulvey | Mail |
| 5 | Philip | Van Houten | Mail |
| 6 | Isaiah | Neve | Mail |
| 7 | Idalis | Martnez | Mail |
| 8 | Courtney | Naughton | Mail |
| 9 | Richard D | Dagenais | Mail |